# Appeal of Maguire and Wife.

1. The defendant in a suit in equity may, under the equity rules, object to the equitable jurisdiction of the court either by demurrer to the bill, or by averment in his answer.

2. Where the defendant in a suit in equity did not demur to the bill, but excepted to the jurisdiction in his answer, and the cause was referred to an Examiner and Master, and the court finally dismissed the bill for want of equity, but imposed the costs of the reference to the Examiner and Master upon the defendant, on the ground that he was remiss in not having made objection to the jurisdiction before the plaintiff incurred the expense of said reference: *Held*, to be error. The defendant might have raised the question of jurisdiction by demurrer, but he was not bound to do so under penalty of paying costs subsequently incurred.

January 4th 1883.  Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ.  GREEN, J., absent.

APPEAL from the Court of Common Pleas No. 4, of *Philadelphia county:*  In Equity:  Of July Term 1882, No. 105.

Bill in equity filed January 21st 1879, by the Girard National Bank of Philadelphia against James Maguire and Emma J., his wife, averring that on December 7th 1878, complainant obtained a judgment against one Patrick McEntee, for $2,500, and on January 14th 1879, issued a fi. fa. thereon, under which the sheriff had levied upon certain premises in Nicholas street. That said McEntee by a voluntary deed dated November 19th 1878, had conveyed said premises to his daughter the defendant Emma J. Maguire, with intent to defraud his creditors. The complainant averred that defendants were about to sell or mortgage said premises to parties unknown to the complainant ; and that unless the court would interfere between defendants and bona fide purchasers or mortgagees, said premises would be forever beyond complainant's reach. The bill prayed an injunction restraining defendants from conveying or mortgaging said premises, and that said deed from McEntee to Emma J. Maguire be declared fraudulent and void as against the grantor's creditors and be delivered up to be cancelled.

The defendants filed an answer, in which, inter alia, they averred that the bill was without equity and the court had no jurisdiction in equity, there being an adequate remedy at law. A replication was filed, and the cause was referred to an Examiner and Master (Thomas W. Hoskinson, Esq.), who took testimony and reported a decree in favor of the complainant.

Exceptions filed by defendants to the Master's report were sustained by the court, in an opinion filed by THAYER, P. J., on the ground, substantially that the bill was an ejectment bill, and the objection to the jurisdiction was well taken. The court therefore entered a decree dismissing the bill ; but held further that the defendants were remiss in not having made their objection before the plaintiff had incurred the expense of the proceedings before the Examiner and Master ; that if the bill had been demurred to, all that expense would have been saved. The court therefore decreed, further, " that the defendants pay the costs of the references to the Examiner and Master, and that the plaintiff pay all other costs."

Both parties took appeals from the decree ; the plaintiff to that portion of the decree dismissing the bill ; and the defendants took this appeal, assigning for error, the decision of the court that the defendants were remiss in not making their objections to the proceeding by demurrer instead of by answer, and that part of the decree ordering the defendants to pay the costs of the references to the Examiner and Master.

*J. D. Bennett*, for the appellants.

*Louis F. Benson*, for the appellee.

Mr. Justice STERRETT delivered the opinion of the court March 19th 1883.

The bill filed by the Girard National Bank against appellants was dismissed by the court below on the ground that the bank had a full, complete, and adequate remedy at law, by proceedings which were instituted before the equity jurisdiction of the court was invoked, and are still pending; but, because the question of jurisdiction was not raised by demurrer, in limine, appellants were ordered to pay the costs of reference to the Examiner and Master. The parties each appealed from so much of the decree as was adverse to them respectively. For the reason above stated, the appeal of the bank has been dismissed, and the only question presented by the record in this case is whether the defendants below were so far remiss in not raising the question of jurisdiction by demurrer, as to justly subject them to the costs of reference.

In courts of law the successful party is entitled to costs. In equity his right is prima facie the same; but, equitable considerations, sufficient to outweigh the prima facie right and induce a chancellor to decree otherwise, may and frequently do exist, and hence it is very properly said, that in courts of equity costs are in the sound discretion of the chancellor.

Under our equity rules, the defendant may either plead, answer, or demur, and he has a right, by answer, to present and insist upon some matters of defence, in law, to the merits of the bill, of which he may also avail himself by demurrer or plea in bar. Reasonable discretion should therefore be accorded to him and his solicitor in determining the form in which the allegations of the bill may be best met. By demurring he may incur some risk; and, sometimes it is of the utmost importance that he should speed the cause by answering promptly, and thus obtaining an early reference to an Examiner and Master. In this case the appellants, without being ruled, elected to present their defence in the form of an answer, in which inter alia, the want of equity in the bill is distinctly asserted. This position was also insisted on before the Master, but he decided against them. In his opinion dismissing the bill the learned president of the common pleas properly says, a bill for discovery may be sustained in equity where that is a necessary part of the plaintiff's remedy, but in the present case no discovery is sought. "Nor does the plaintiff stand in need of any injunction; for, as is truly said in the answer, having levied on and condemned the land it could not be conveyed or encumbered to the prejudice of the plaintiff." . . . "The objection taken by the defendants to this proceeding before the Master ought to have been sustained. It was not their duty, as the Master seems to have supposed, to put the plaintiff to an

election whether it would proceed at law or in equity. They had a right to stand upon their objection."

The views thus expressed by the learned judge are undoubtedly correct, and fairly lead to the conclusion that appellants were not chargeable with such remissness as should justly subject them to the costs imposed by the decree. There is nothing to indicate that the mode of presenting their defence was not adopted and pursued in the utmost good faith. They fully and fairly disclosed, in their answer, the very ground of defence which the court finally sustained and on which alone the bill was dismissed. It is true, they might have raised the question of jurisdiction by demurrer, but they were not bound to do so under penalty of paying costs.

> So much of the decree as imposes on appellants the costs of reference to Examiner and Master is reversed, and it is now adjudged and decreed that said costs, together with the costs of this appeal, be paid by the appellee.